COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

William HILL, Respondent.

No. 88–1695.

Supreme Court of Iowa.

Feb. 22, 1989.

James E. Gritzner and Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Lee H. Gaudineer of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for respondent.

ANDREASEN, Justice.

The Committee on Professional Ethics and Conduct of the Iowa Bar Association filed a complaint against attorney William Hill that was heard by a division of the Grievance Commission. It found Hill's conduct violated disciplinary rules DR 1–102(A)(3) and (6), and ethical considerations EC 1–5 and EC 9–6. The commission recommended Hill's license to practice be suspended for three months.

Under the provisions of Iowa Supreme Court Rule 118.10, we proceed to review de novo the record made before the commission, determine the matter, and take appro-

priate action. We are not bound by the commission's findings but give them respectful consideration. *Committee on Professional Ethics & Conduct v. Jackson,* 391 N.W.2d 699, 699 (Iowa 1986). The allegations of the complaint must be established by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Blomker,* 379 N.W.2d 19, 21 (Iowa 1985).

I. In June of 1986, K.C. contacted attorney Hill and requested that he represent her in a domestic matter. This was the first time Hill had met K.C. She advised him of her desire to secure temporary custody of her three children then living with their father and to secure a dissolution of their marriage. She was unemployed and had no money to advance to him as a retainer. Hill agreed to represent her. He prepared a dissolution petition which was filed on June 17 and assisted her in securing a restraining order regarding the children.

On July 1, 1986, K.C. went to Hill's law office and offered to engage in sexual intercourse with him for money. Attorney Hill suggested he would give her money as a personal loan if she did not want to have sex. She told him that she had no means to reimburse him on a personal loan so her payback would be sex. Hill gave her fifty dollars and they then had sexual intercourse in his law office.

During the summer of 1986, K.C. was a drug addict and emotionally unstable. She is now chemically free having undergone chemical dependency treatment. She has reconciled with her husband and the dissolution proceedings commenced by Hill have been dismissed.

II. The commission found that having sex with a client involved in a divorce action involving custody of children constituted unethical conduct on the part of the lawyer, regardless of whether or not the sex was for pay. The commission found Hill's conduct was unethical and unprofessional and in violation of Disciplinary Rules 1–102(A)(3) and (6). Those disciplinary rules provide:

(A) A lawyer shall not:

. . . .

(3) Engage in illegal conduct involving moral turpitude.

. . . .

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

The commission found Hill had failed to conduct himself with the high standards of professional conduct expected of a lawyer and that his conduct did not reflect credit on the legal profession or inspire confidence, respect and trust of his client and the public as required by Ethical Considerations 1–5 and 9–6.

Ethical Consideration 1–5 provides:

A lawyer should maintain high standards of professional conduct and should encourage fellow lawyers to do likewise. He should be temperate and dignified, and he should refrain from all illegal and morally reprehensible conduct. Because of his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession. . . .

Ethical Consideration 9–6 provides:

Every lawyer owes a solemn duty to uphold the integrity and honor of his profession . . . to conduct himself so as to reflect credit on the legal profession and to inspire the confidence, respect, and trust of his clients and of the public; and to strive to avoid not only professional impropriety but also the appearance of impropriety.

Ethical considerations not only illuminate the disciplinary rules; a violation of an ethical consideration alone is sufficient to support attorney sanctions. *Committee on Professional Ethics & Conduct v. Shuminsky,* 359 N.W.2d 442, 445 (Iowa 1984).

Hill argues that our consideration of his sexual intercourse with K.C. violates his right to privacy. He cites *State v. Pilcher,* 242 N.W.2d 348, 358 (Iowa 1976), for the proposition that this was a private act between two consenting adults which is protected from public scrutiny.

Constitutional considerations of privacy are not without limits. *See id.; see generally* Comment, *Bowers v. Hardwick: The Right of Privacy and the Question of Intimate Relations*, 72 Iowa L.Rev. 1443 (1987). We must analyze this incident in the context in which it occurred, that of an attorney representing a client in a dissolution action. A lawyer undertaking a divorce action must recognize reconciliation is possible and may be in the best interest of his client. An attorney must be aware that the actions of the client and attorney may affect negotiations in the dissolution case, including determination of custody and visitation of minor children. Sexual intercourse between the lawyer and a client seeking a dissolution of marriage carries a great potential of prejudice both to the client and to the minor children of the marriage. We require lawyers to maintain high standards of ethical conduct and to avoid conduct which would reflect negatively upon the integrity and honor of the profession.

Despite Hill's assertion to the contrary, we cannot ignore the obvious implication of any scheme involving an exchange of sexual favors for money. Hill's characterization of this liaison as a purely romantic one rings hollow in the face of its aura of commercial exploitation.

K.C. had a right to expect Hill to conduct himself in a manner consistent with the tradition of the legal profession; that tradition founded upon service, integrity and vigorous commitment to the client's best interests, as well as an allegiance to the rule of law. Instead of remaining loyal to K.C.'s best interests, Hill chose to exploit the relationship. Sexual contact between an attorney and client in a professional context constitutes professional impropriety. *See Committee on Professional Ethics & Conduct v. Durham*, 279 N.W.2d 280, 284 (Iowa 1979).

We, like the commission, find that the actions and conduct of Hill constitute unethical and unprofessional conduct. We hold Hill's license to practice law should be suspended indefinitely with no possibility of reinstatement for three months. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.-12. Upon application for reinstatement, Hill shall have the burden to prove that he has not practiced law during the period of suspension and that he meets the requirements of supreme court rule 118.13. It is further ordered that the costs of this action be assessed against Hill in accordance with Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.

All Justices concur except SNELL and HARRIS, JJ., who dissent.

SNELL, Justice (dissenting).

I respectfully dissent. The majority finds that Hill was representing K.C. in a dissolution of marriage proceeding. K.C. was seeking custody of her three children. Hill assisted her in securing a restraining order regarding her children who were then living with their father. She was unemployed and did not have money even for his retainer fee. She was a drug addict and emotionally unstable.

Hill's employment as her attorney gave him the means to exploit the extreme vulnerability of his client. Given the opportunity, he abandoned his professional responsibilities to his client without concern or delay.

Hill's acts constitute grossly unethical and unprofessional conduct. His license to practice law should be suspended for not less than nine months.

HARRIS, J., joins this dissent.