The **COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION,** Complainant,

v.

**R. William HILL, Respondent.**

No. 90–1132.

Supreme Court of Iowa.

Nov. 21, 1990.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

R. William Hill, Marshalltown, pro se.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

NEUMAN, Justice.

This disciplinary action is before us for de novo review in accordance with Iowa Supreme Court Rule 118.10. The complaint stems from allegations that attorney Ralph William Hill (1) counseled an individual who was represented by another attorney, (2) taped telephone conversations without the knowledge of the other party to the conversation, and (3) allowed an appeal to be dismissed by default while misleading his client with regard to its status. We concern ourselves with only the third charge because the Grievance Commission found insufficient evidence to sustain the others and the Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) has not appealed the decision. *See* Sup.Ct.R. 118.9. We concur in the commission's findings and agree with its recommended sanction of reprimand.

Hill has been engaged in the practice of law in Marshalltown, Iowa since 1965. In 1987, he represented David Propp in a dissolution of marriage action that involved a child custody dispute. Mr. Propp's parents, Gladys and Robert Propp, sought custody of the child because they had cared for him since birth. Hill represented their interests in the action. The trial court awarded custody to the child's mother and ordered grandparent visitation for the Propps.

Gladys Propp was dissatisfied with the court's decision and engaged Hill to represent her on appeal. The record reveals that she paid Hill $100 and he filed notice of appeal. Lack of further action on Hill's part led the clerk of the supreme court to send default notices and impose penalties in December 1987, February 1988, and March 1988. Hill eventually moved to enlarge the time to file and serve his brief and appendix and the court extended the deadline to June 13, 1988. Hill again failed to meet this deadline and the clerk filed a fourth notice of default and penalty assess-

ment. The appeal was ultimately dismissed pursuant to Iowa Rule of Appellate Procedure 19(a) for failure to prosecute.

In his testimony before the commission, Hill conceded that the Propp appeal "wasn't properly done at all." He offered no explanation for his neglect short of a judgment made early in the process that the appeal would be unsuccessful. Nevertheless, he did not counsel his client in this regard, and avoided her inquiries whenever possible. Mrs. Propp testified that Hill repeatedly assured her he was "working on" the appeal. The Grievance Commission made a specific finding, however, that her testimony as a whole was not credible and, accordingly, it found no overt deception on Hill's part.

The committee carries the burden of proving its allegations by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Freed*, 341 N.W.2d 757, 759 (Iowa 1983). It has easily met that standard here. Hill's inaction with regard to a legal matter entrusted to him violates the following provisions of the Iowa Code of Professional Responsibility: EC 1–5 (duty to maintain high standards of the profession); EC 6–4 (requiring lawyer to give appropriate attention to work); DR 6–101(A)(3) (lawyer shall not neglect work); EC 7–1 (lawyer should represent client zealously); and DR 7–101(A) (duty to fulfill employment to client).

It was the opinion of the Grievance Commission that Hill's unethical conduct warranted a public reprimand by this court. Although we are not bound by the commission's findings and recommendation, we give them respectful consideration. *Committee on Professional Ethics & Conduct v. Hill*, 436 N.W.2d 57, 58 (Iowa 1989). Historically, a lawyer's failure to pursue an appeal to its conclusion has been viewed as a very serious matter warranting sanction from several months suspension to revocation. *See, e.g., Committee on Professional Ethics & Conduct v. Glenn*, 390 N.W.2d 131, 133 (Iowa 1986) (license revoked); *Committee on Professional Ethics & Conduct v. Kelly*, 357 N.W.2d 315, 319 (Iowa 1984) (license revoked); *Freed*, 341 N.W.2d

at 759–60 (six-month suspension for allowing dismissal of appeal by default, aggravated by failure to cooperate with committee). This view reflects the importance of public confidence in a lawyer's fidelity to obligations assumed on behalf of a client. *See Freed*, 341 N.W.2d at 759.

Under the circumstances of this case, however, we are persuaded that a public reprimand is appropriate. In February 1989, this court disciplined Hill with a three-month suspension for sexual impropriety with a client. *Hill*, 436 N.W.2d at 59. When he applied to this court for reinstatement, the matter was held in abeyance because the committee had not concluded its investigation of the present case. Seven months later the committee had still failed to conclude its work and, following inquiry, we were convinced that Hill presented no danger to the public. We reinstated him notwithstanding the pending matter.

In essence, Hill has already suffered a seven-month penalty for his inaction on the Propp appeal and the two other matters which were ultimately resolved in his favor. We deem this a sufficient sanction to protect the public and deter Hill from neglect in the future. Accordingly, we publicly reprimand him.

LAWYER REPRIMANDED.