**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Dennis D. PETERSON, Respondent.**

No. 91–311.

Supreme Court of Iowa.

June 19, 1991.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Dennis D. Peterson, pro se.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (the Committee) initiated this proceeding before the Grievance Commission, accusing respondent attorney Dennis D. Peterson of neglecting legal matters entrusted to him and of failing to cooperate with the Committee's investigation. The Grievance Commission found merit in the Committee's charges and recommended a public reprimand.

■ I. In an attorney disciplinary proceeding, the Committee on Professional Ethics and Conduct bears the burden to prove by a convincing preponderance of the evidence that the attorney has violated the

Code of Professional Responsibility as charged. *Committee on Professional Ethics & Conduct v. Clauss*, 445 N.W.2d 758 (Iowa 1989); *Committee on Professional Ethics & Conduct v. Nadler*, 445 N.W.2d 358 (Iowa 1989).

■ After reviewing the record in the present case, we find the Committee proved by a convincing preponderance of the evidence that respondent Peterson allowed five estates entrusted to him to become delinquent, and that he failed to file a required annual report in a guardianship and conservatorship proceeding. This conduct violated several provisions of the Code of Professional Responsibility, specifically EC 1-5 (requiring high standards of professional conduct), EC 6-1 (requiring competence and proper care in representing clients), EC 6-4 (requiring adequate preparation and attention to legal work), DR 6-101(A)(3) (lawyers shall not neglect clients' legal matters), and DR 1-102(A)(1), (5), and (6).

The Committee also proved by a convincing preponderance of the evidence that the respondent failed to acknowledge or respond to correspondence with the Committee or timely answer requests for admissions during the investigation of the complaints. These acts violated EC 1-4 and EC 1-5 and DR 1-102(A)(1), (5) and (6).

II. The only remaining question is the discipline to be imposed on the respondent for these violations. In light of the discipline imposed on other attorneys for comparable conduct, we believe the Grievance Commission's recommendation of a public reprimand is too lenient. *See, e.g., Committee on Professional Ethics & Conduct v. Horn*, 379 N.W.2d 6 (Iowa 1985).

We direct that respondent Dennis D. Peterson's license to practice law in the courts of this state, as that term is defined in Iowa Supreme Court Rule 118.12, be suspended indefinitely with no possibility of reinstatement for three months from the date of this opinion.

LICENSE SUSPENDED.