IOWA SUPREME COURT BOARD OF
PROFESSIONAL ETHICS AND
CONDUCT, Complainant,

v.

Ralph William HILL, Respondent.

No. 95–1113.

Supreme Court of Iowa.

Nov. 22, 1995.

Curtis J. Krull, Des Moines, for complainant.

Mark W. Lindholm, Marshalltown, for respondent.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and SNELL, JJ.

HARRIS, Justice.

The attorney in this disciplinary case, at least as it relates to the subject matter of this proceeding, is a slow learner. In 1989 his license to practice law was suspended for three months for having sexual relations with a dissolution client in his office. *Committee on Professional Ethics & Conduct v. Hill,* 436 N.W.2d 57 (Iowa 1989). In 1990 he was disciplined for neglecting an appeal and for misleading (though without overt deception on his part) his client regarding it. Largely due to the fact that his suspension continued during the second proceeding, we were satisfied with the recommended public reprimand. *Committee on Professional Ethics & Conduct v. Hill,* 463 N.W.2d 1 (Iowa 1990).

In the present proceeding Hill is shown again to have made unwelcome sexual advances toward another female client. After some hesitancy, we accept the commission's recommendation of a twelve-month suspension. It seems unnecessary to add that, in so doing, we have completely exhausted our patience with Hill's amorous proclivities toward female clients. In unambiguous prose, any future demonstration of these propensities will surely result in revocation of his license.

In 1991 Hill was retained to represent the client in a child custody matter and also in a charge against her for a misdemeanor criminal assault. In 1992 he undertook to represent her in three felony criminal charges, and also in a minor civil matter. In the present disciplinary proceeding, which arose during the 1992 representations, Hill was charged with making sexual advances toward the client, and also offering to provide legal services for her sexual favors. The commission found the board established the first, but not the second of these charges.

We quote and adopt as our own the following language from the thoughtful findings of the commission:

Although much evidence was submitted to the commission, the primary basis of the grievance and the primary dispute concerns Mr. Hill's physical contact with [the client] while meeting with her in the attorney-client room of the Marshall County jail. According to [the client's] testimony, when meeting with Mr. Hill in the Marshall County jail he would begin every conference with a hug. [The client] testified that during these conferences Mr. Hill insisted upon talking about sex. [The client] testified that she is a lesbian. It is undisputed that [she] was always open about her sexuality with Mr. Hill. [The client] testified that William Hill insisted upon talking about her sexuality and his ability to change her sexual preferences rather than discussing the criminal charges which were then pending against her. In addition, [the client] testified that

during these meetings while she was incarcerated, Mr. Hill would put his hand on her leg or put his arm around her chair. During one visit he put his hand on her thigh and she requested him to remove it. She stated he then patted her and did remove his hand from her leg. At other times during these jail visits, Mr. Hill would touch her face, hold her hands, and give her hugs. [The client] further testified that on one occasion he grabbed her by the buttocks. She stated that she found both the sexual talk and the physical contact offensive to her.

Absolute proof of this physical conduct was supplied in exhibits consisting of photographs taken by law enforcement officers.[1] Like the commission we find them appalling, especially in view of Hill's experience in his first discipline case. Hill nevertheless wished to justify his conduct—at least in part—by a startling characterization: he is a "hands-on" counselor. We again adopt language of the commission:

Hill stated that he had been a clergyman for eighteen years. He thought that his experience as a minister had an influence on how he tried to counsel clients. He believed that his ministerial experience made him more of a "hands-on" counselor than was true of most lawyers. He admitted that he had had sex with a divorced client which resulted in a previous suspension. He described himself as vulnerable during that particular time in his life, but admitted that he was wrong [in the prior proceeding] to have sex with his client.

We recognize that, in this changing world, conduct between consenting adults that in former times would have been roundly condemned is now widely thought to be entirely a private matter, beyond the concern of any others. We have nevertheless been consistent in noting that the professional relationship renders it impossible for the vulnerable layperson to be considered "consenting." This was the point we made in Hill's first disciplinary case, previously noted, and earlier in *Committee on Professional Ethics &*

*Conduct v. Durham,* 279 N.W.2d 280, 285 (Iowa 1979). Since the present proceeding was undertaken, we codified the previously established standard in DR 5–101(B) and in EC 5–25, both effective January 2, 1995. EC 5–25 explained the rationale this way:

The unequal balance of power in the attorney-client relationship, rooted in the attorney's special skill and knowledge on the one hand and the client's potential vulnerability on the other, may enable the lawyer to dominate and take unfair advantage. When a lawyer uses this power to initiate a sexual relationship with a client, actual harm to the client, and the client's interest, may result. Such overreaching by an attorney is harmful in any legal representation but presents an even greater danger to the client seeking advice at times of personal crisis such as divorce, death of a loved one, or when facing criminal charges. Clients may rightfully expect that confidences vouchsafed to the lawyer will be solely used to advance the client's interest, and will not be used to advance the lawyer's interest, sexual or otherwise.

We expressed the same rationale, as it related to a different profession, in *Fisher v. Board of Optometry Examiners,* 510 N.W.2d 873 (Iowa 1994):

A person acting in a professional role can have a disproportionate influence on those they serve. They owe to the public a solemn duty to use their considerable influence with utmost discrimination. The metes and bounds of propriety in any professional relationship must be observed scrupulously because the professional role is held in trust.

*Id.* at 878. Hill is now a repeated violator of this trust. We cannot overemphasize our determination that, if Hill is to be a member of the legal profession, it will be as a "hands-off" counselor.

We are not moved by Hill's written request that the recommendation of a twelve-month suspension should be adjusted downward. He takes the cue from our opinion in his second disciplinary case, indicating we

---

**1.** Although denying any sexual implications, Hill also conceded he asked the client to live with him in his apartment when released. Evidence also showed he made similar offers to (only female) other clients.

thought a reprimand was adequate because we had withheld acting on his application for reinstatement following his earlier suspension while processing the second proceeding. 463 N.W.2d at 2. He states that he has in fact not practiced law while the present proceeding was processed, and believes an accommodation is again appropriate. Even if we were to indulge in a "suspension already served" type rule, which is not a matter of right, the obvious answer to Hill is that we think a suspension ending twelve months from the date of this opinion is appropriate.

We direct that the license of respondent Ralph William Hill to practice law in the courts of this state be suspended indefinitely, with no possibility for reinstatement for twelve months from the date of this opinion. Hill is directed to comply with Iowa supreme court rules 118.12 and 118.18.

We further order that the costs of this action be assessed against the respondent in accordance with Iowa supreme court rule 118.22.

**LICENSE SUSPENDED.**