IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,

v.

**Philip D. FURLONG, Respondent.**

No. 00–2010.

Supreme Court of Iowa.

April 25, 2001.

Norman G. Bastemeyer and David Grace, Des Moines, for appellant.

Bradford Kollars, Sioux City, for appellee.

CARTER, Justice.

This is a review of the findings and recommendations of the Grievance Commission with respect to a disciplinary complaint against respondent, attorney Philip D. Furlong. The commission found respondent was guilty of a series of violations of the Iowa Code of Professional Responsibility for Lawyers and recommended that his license be suspended for at least eighteen months.

The complaint against respondent charged that, while acting as a lawyer for two female clients, he engaged in a prolonged sexual relationship with one and unprofessionally harassed the other in a manner that carried a strong sexual connotation.

At the hearing on the complaint, one of these clients testified that on the day her dissolution-of-marriage decree was obtained, respondent gave her an uninvited kiss while they were at the courthouse during which he inserted his tongue into her mouth. They then went from the courthouse to his office, where he told her she was beautiful, placed his hand inside her underclothing, and digitally penetrated her vagina. This witness testified that the sexual advances on that date were uninvited and unwelcome.

A short time later, this same client became embroiled in a consensual sexual relationship with respondent, which continued for approximately twenty months. During this time, respondent gave her substantial sums of money. She eventually broke off the relationship and filed a complaint against respondent with the Iowa Supreme Court Board of Professional Ethics and Conduct. She also filed a sexual harassment lawsuit against respondent, which he settled for the sum of $25,000. This witness testified that respondent asked her to write a letter to ethics authorities withdrawing her complaint and encouraged her to move out of the state and not cooperate in the investigation of her complaint. She and respondent briefly resumed their intimate relationship while her complaint was pending, but respondent broke it off when his wife learned about the affair.

The second client mentioned in the complaint engaged respondent's services with respect to a personal-injury claim stemming from an automobile collision. She testified that when she was in his office he perpetually ogled her and would attempt to rub her back and shoulders while calling her a "pretty little thing." After the personal-injury claim was settled and she was waiting in respondent's office for the insurance company adjuster to deliver the check, respondent tried to entice her to go for a ride in his car and again placed his hands on her back and shoulders.

In addition to the testimony of the two complaining witnesses, a third woman testified that, while she was being represented by respondent in connection with a personal-injury claim, he gave her an uninvited kiss and inserted his tongue in her mouth. When she threatened to sue him for sexual harassment, he paid her the sum of $5000 for a release.

Evidence was also presented showing that respondent, in connection with the settlement of an action against him by a fourth female client, had inserted language in the release, stating that the client should not cooperate with authorities with respect to any disciplinary claim that might be brought against him growing out of that transaction. As a result of that. action, respondent, on February 13, 1997, received a public reprimand from the board of professional ethics and conduct for attempting to impede the progress of a disciplinary investigation.

Respondent urged before the commission that his prolonged dalliance with the marriage-dissolution client was consensual and was not initiated until after the attorney-client relationship had concluded. He denied that he was guilty of any unprofessional conduct with the other complaining witness, but admitted that he had kissed the client to whom he paid $5000 in settlement and further admitted that it was wrong to have done so. He denied asking either complainant to withdraw that person's complaint or to not cooperate with disciplinary authorities.

The Grievance Commission found that respondent had engaged in a sexual relationship with a marriage-dissolution client while he was acting as her attorney. It noted that, following the conclusion of the marriage dissolution, he continued to represent this woman in connection with a myriad of other legal problems she was experiencing. There was at no time any clear break in the attorney-client relationship.

■ The Grievance Commission found that respondent's sexual relationship with this client that was carried on prior to January 1995 constituted a violation of DR 1–102(A)(6) of the Iowa Code of Professional Responsibility for Lawyers (a law-

yer shall not engage in conduct that adversely reflects on the fitness to practice law). This court has previously held that a lawyer violates DR 1–102(A)(6) in engaging in a sexual relationship with a client. *Comm. on Prof'l Ethics & Conduct v. Hill,* 436 N.W.2d 57, 59 (Iowa 1989). Alleged disciplinary violations must be found to exist by a convincing preponderance of the evidence. *Comm. on Prof'l Ethics & Conduct v. Freed,* 341 N.W.2d 757, 759 (Iowa 1983). We are satisfied that the evidence presented by the board met that burden of proof. The Grievance Commission found that respondent's sexual relationship with this client after January 1995 was a violation of the prohibition now set forth in DR 5–101(B) (a lawyer shall not engage in sexual relations with a client), which became effective on that date. That finding is also supported by ample evidence under the applicable burden of proof.

As to the second complaining witness, the Grievance Commission found her testimony to be credible and found that respondent's conduct did constitute sexual harassment thus violating DR 1–102(A)(7) (a lawyer shall not engage in sexual harassment). This finding is also supported by the evidence under the applicable burden of proof.

As a final matter, the Grievance Commission found that respondent had attempted to dissuade the first complaining witness from following through on her complaint with disciplinary authorities. We defer to the commission with respect to the credibility issue on which this finding depends and, in light of such deference, conclude that the finding has adequate support in the evidence. As the board urged before the commission, that

conduct on respondent's part is a violation of DR 1–103(A).[1]

 The vice involved in a lawyer engaging or attempting to engage in a sexual relationship with a client is clearly identified in Ethical Consideration 5–25 of the Iowa Code of Professional Responsibility for Lawyers:

> The unequal balance of power in the attorney-client relationship, rooted in the attorney's special skill and knowledge on the one hand and the client's potential vulnerability on the other, may enable the lawyer to dominate and take unfair advantage. When a lawyer uses this power to initiate a sexual relationship with a client, actual harm to the client, and the client's interest, may result. Such overreaching by an attorney is harmful in any legal representation but presents an even greater danger to the client seeking advice in times of personal crisis such as divorce, death of a loved one, or when facing criminal charges.

This court has recognized that "the professional relationship renders it impossible for the vulnerable layperson to be considered 'consenting.'" *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hill*, 540 N.W.2d 43, 44 (Iowa 1995). Professional responsibility involves many gray areas, but sexual relationships between attorney and client is not one of these. Such conduct is clearly improper.

We are satisfied that the recommendation of the commission concerning the discipline to be imposed represents an appropriate sanction for respondent's violations. Consequently, it is ordered that the license of respondent, Philip D. Furlong, is suspended indefinitely with no possibility of reinstatement for eighteen months follow-ing the filing of this opinion. Upon application for reinstatement, respondent shall have the burden of proving he has not practiced law during the period of suspension and that he has met the requirements for client notification set forth in Court Rule 118.18. Costs of the disciplinary proceeding are assessed against respondent and payment of same shall be a condition for reinstatement.

**LICENSE SUSPENDED.**

All justices concur except SNELL, J., who takes no part.

---

1. In *Committee on Professional Ethics & Conduct v. McCullough*, 468 N.W.2d 458, 462 (Iowa 1991), we concluded that the duty imposed by DR 1–103(A) to report disciplinary violations also embraces a responsibility not to frustrate such reporting by others or to dissuade others from cooperating in a disciplinary investigation.