In the Matter of RAYMOND J. FERRIS, an Attorney, Respondent.
ONEIDA COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, February 13, 1969.

*Roger H. Williams* for petitioner.

*Raymond J. Ferris,* respondent in person.

*Per Curiam.* Respondent was admitted to the Bar by this court on June 28, 1940. The Oneida County Bar Association's petition alleges various acts of misconduct which violated canon 29 of the Canons of Professional Ethics and by the commission of which respondent failed to uphold and maintain the dignity of the profession and the administration of justice. The Judge, to whom the matter was referred, found that five of the charges were sustained by the proof presented at the hearing held before him.

Three of the complaints dealt with a series of checks made and delivered by respondent to various creditors and to certain clients. In each instance the checks were returned to the payees by reason of insufficient funds in respondent's bank account. These transactions were repeated several times and indicated a pattern of irresponsibility and failure to perform as promised. "The issuance of checks without sufficient funds on deposit is a violation of professional standards (*Matter of Buttles,* 23

A D 2d 446; *Matter of Bennett,* 16 A D 2d 129)''. (*Matter of Kaufman,* 29 A D 2d 298, 299.)

The Referee further found that respondent was retained to represent a wife in a matrimonial action and received, at his request, an advance payment of $400 on account of his services. Despite his promise that the matter would be completed within six to eight weeks, respondent failed to proceed with action for more than one year. Various unfounded explanations were given for the delay which was, in fact, due to respondent's neglect and failure to act toward a client with the utmost good faith (*Matter of Weiss,* 28 A D 2d 12). The repayment to the client of all but $20 of the fee after her complaint to the Bar Association did not excuse respondent for this breach of professional conduct.

The most serious charge, which was sustained by the Referee, involved respondent's application for an allowance for services and disbursements in a proceeding to adjudicate his attorney's lien. In his verified petition, respondent requested reimbursement in the amount of $790 for four trips he claimed he made from Utica to Boston. Upon interrogation by Special Term, respondent admitted that he had not made the trips, but explained that trips had been made by an officer of the corporation involved in the proceeding. The Justice hearing the application properly concluded that respondent's misrepresentation in his petition was of such serious nature that upon his own initiative the Justice referred the matter to the Grievance Committee of the Bar Association (*Matter of Bouquet,* 28 A D 2d 11; *Matter of Hanrahan,* 28 A D 2d 89).

In determining the degree of punishment for these acts of professional misconduct the court notes that respondent co-operated fully with the Bar Association in the investigation of the charges and admitted his culpability for the charges sustained by the Referee. This in no way exonerates respondent, but has some bearing upon the period of suspension. After weighing all of the factors which must be considered in a disciplinary proceeding, we conclude that respondent should be suspended for a period of nine months and thereafter until further order of the court.

GOLDMAN, J. P., DEL VECCHIO, MARSH, WITMER and HENRY, JJ., concur.

Order entered suspending respondent for a period of nine months and thereafter until further order of the court.