In the Matter of LOREN D. GARDNER (Admitted as LOREN DERAN GARDNER), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, May 16, 1972.

*John G. Bonomi* of counsel (*Norman Romanick* with him on the brief), for petitioner.

*Henry A. Drescher* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in this Department in 1962. Three charges of professional misconduct were brought against him by petitioner Association of the Bar, and our Referee has reported, sustaining the charges, after two sessions of hearing.

The first two charges are alike: neglect and laxity in two accident cases wherein respondent had been retained by the plaintiffs. In the first, retained in 1966, he did nothing until 1969, when a summons was served. He disposed of the case by settlement a year later, after the client had complained of neglect. In the interval, he had ignored letters and phone calls from the client and the insurance adjuster. In the other case, he was retained in 1965, and did nothing for almost three years, when he commenced suit against two of the prospective defendants. By the time petitioner received a complaint from this

client, one defendant's case had been dismissed for lack of prosecution, and the plaintiff had been precluded as to the second defendant.

The third charge involved neglect in connection with an estate wherein respondent, as attorney for the executor, had received certain shares of stock from the latter for safekeeping to await instructions to sell. Though respondent had a safe-deposit box, he put the certificates in his office file and did not check on their security during the two-year period before his client asked for them. In the interim, he had received threatening letters and calls, and there had occurred in his office an incendiary fire, a larceny of cash and papers, and a severe vandalizing of his files. When sought, the stock had disappeared, and, during the two-year period before respondent stirred himself to secure duplicates, it declined in value over 60%.

A defense was offered that the acts of misconduct charged were *de minimis*; this is patently absurd because neglect of a client's interests is a most serious dereliction. However, a stronger defense—and this avails respondent only by way of mitigation—is that, during the period embraced by the charges, he had been under severe mental and emotional strain occasioned by marital discord of the most unsettling kind. The events related above which occurred in his office were attributed by him to his wife. His marriage terminated by divorce in 1969, though the traumatic effects of his stormy domestic course persisted for some months thereafter. Even though this explanation is credited, it is not an excuse for respondent's derelictions. While undergoing stress and strain as described herein, respondent did a disservice to his profession and to himself by the mere acceptance of retainers at a time when he was in no position to act in accordance with the trust that the lay public has a right to place unquestioningly in lawyers. The Referee's report is confirmed and his findings adopted.

"Respondent's inexcusable neglect of his client's cause constitutes misconduct." (*Matter of Sultan*, 26 A D 2d 210, 211.) Protection of the public calls for appropriate discipline (*Matter of Parness*, 15 A D 2d 332), in the fixing of which we take into account respondent's unfortunate experiences.

Respondent should be suspended for two years.

STEVENS, P. J., MARKEWICH, NUNEZ, MURPHY and STEUER, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of two years, effective June 16, 1972.