In the Matter of STANLEY COHEN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 24, 1975

*John G. Bonomi* of counsel *(Irving Gertel* with him on the brief), for petitioner.

*Stanley Cohen,* respondent *pro se.*

*Per Curiam.* Respondent, admitted to practice in 1957, was charged with having neglected a client's case against the Long Island Railroad and prosecution of the claim was precluded by filing after expiration of the 90-day statutory period. He was charged, further, with having made false statements to petitioner's counsel to the effect that he had filed timely but that the railroad had rejected the claim as without merit. The overwhelming proof before the referee clearly sustained both the first and second charges.

The referee made no formal ruling as to the first charge and, as to the second, found it had "not been sustained as a good cause of complaint against respondent under Judiciary Law, section 90." We grant the motion to disaffirm, deny the motion to confirm, and substitute findings and conclusions sustaining the charges.

If the purpose of proceedings of this nature is to have any meaning, an attorney must be held to a decent standard of reliability in his dealings with the public. Only one mitigating factor appears in this case: respondent paid his client the sum of $2,000, and to that extent he has been mulcted in damages. But that is only as far as the personal relationship is concerned, and a further sanction appears to be required so that the lesson may be fully learned.

Respondent should be suspended from the practice of law for a period of three months.

MARKEWICH, J. P., KUPFERMAN, MURPHY, TILZER and LANE, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three months, effective May 26, 1975.