**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

**v.**

**Roger R. HALLECK, Respondent.**

**No. 68565.**

Supreme Court of Iowa.

Oct. 27, 1982.

[redacted]

[redacted]

[redacted]

[redacted]

Lee H. Gaudineer of Austin & Gaudineer, Des Moines, for complainant.

Lawrence Scalise of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for respondent.

[redacted]

McCORMICK, Justice.

This attorney discipline case is based on an incident that resulted in respondent Rog-

er R. Halleck's conviction and sentence for tampering with a witness in violation of section 720.4 of the Iowa Code (1981). The evidence in the criminal case showed that respondent improperly sought to influence the testimony of a witness against respondent's client on a theft charge through an offer of restitution. The details of the incident are discussed in this court's opinion affirming respondent's conviction. *See State v. Halleck,* 308 N.W.2d 56 (1980). The vice in this case was not in offering restitution but in using it as leverage to attempt to influence the witness to assist in chilling or hindering the prosecution of respondent's client.

Respondent's conduct violated section 610.24(3) and (4) of the Iowa Code (1981), and DR 1–102(A)(1), (3), (4), (5) and (6) and DR 7–109(C) of the Iowa Code of Professional Responsibility for Lawyers. DR 7–109(C) specifically bars a lawyer from offering "payment of compensation to a witness contingent upon the content of his testimony."

Witnesses in the criminal trial testified to respondent's basic good character and honesty. They attributed his misconduct to poor judgment rather than moral turpitude. We believe the record supports this evaluation. Nevertheless, respondent engaged in unprofessional conduct and must be disciplined. In determining what that discipline should be, the question is not simply what punishment the offense deserves but also what penalty is required as a deterrent to others and as an indication to the public that the courts will maintain the ethics of the profession. *Committee on Professional Ethics and Conduct v. Kraschel,* 260 Iowa 187, 199, 148 N.W.2d 621, 629 (1967).

We conclude that respondent's license to practice law should be suspended. The record shows it has been under temporary suspension since August 1, 1981, pursuant to this court's order under Court Rule 118.14, based on respondent's conviction in the criminal case. The license has now been suspended for more than fourteen months. The commission believed the period of temporary suspension constituted a sufficient minimum period of suspension for respondent's misconduct, and we agree.

We therefore order that respondent's license to practice law remain suspended indefinitely but that he is authorized to apply for reinstatement at any time after the date of filing of this opinion, subject to the requirements of Court Rule 118.13.

LICENSE SUSPENDED.

All Justices concur except LARSON, J., who takes no part.