COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

**Robert C. GROSS, Respondent.**

No. 67621.

Supreme Court of Iowa.

Nov. 24, 1982.

LARSON, Justice.

This is a proceeding to review the findings and recommendations of the Grievance Commission. The Commission found that the respondent (1) ignored district court orders directing distributions to beneficiaries of funds received in a partition action and requiring an accounting for all funds received, and (2) commingled personal funds with trust funds received on behalf of his clients. The Commission recommended that the respondent be suspended from the practice of law for a period of sixty days.

The factual basis for the complaint is not disputed. The respondent admitted all of the allegations contained in the complaint and further testified that he did not obey the court orders. The only issue is the extent of discipline to be imposed.

We find the respondent's willful failure to follow the orders of the district court breached his duty to maintain the respect due the courts of justice and judicial officers. Iowa Code section 610.14(4); EC 1–5, EC 7–22; and Disciplinary Rule (DR) 7–106(A) of the Iowa Code of Professional Responsibility for Lawyers. Such disobedience is a sufficient cause for suspension. Iowa Code section 610.24(2). Furthermore, respondent's deposit of personal funds in his trust account, in an attempt to avoid attachment by his wife to satisfy back child support payments, violated EC 9–5 and Disciplinary Rule (DR) 9–102(A). Because of this misconduct, we conclude reasonable and necessary disciplinary action should be taken against the respondent. In determining what that discipline should be, we consider not only what punishment the misconduct warrants, but also what penalty is required to deter others and show the public that the courts will maintain the ethics of the profession. *Committee v. Halleck,* 325 N.W.2d 117, 118 (Iowa 1982); *Committee v. Kraschel,* 260 Iowa 187, 199, 148 N.W.2d 621, 629 (Iowa 1967). We conclude the respondent's license to practice should be suspended.

Lee H. Gaudineer and Hedo M. Zacherle, Des Moines, for complainant.

Robert C. Gross, pro se.

It is therefore ordered that respondent's license to practice law is suspended indefinitely without reinstatement for a period of at least sixty days and until this court has approved the respondent's written application for reinstatement. This suspension shall apply to all facets of the practice of law. Admission to the Bar Rule 118.12. Respondent's application for reinstatement, if any, shall follow Iowa Admission to the Bar Rule 118.13.

LICENSE SUSPENDED.

All Justices concur except SCHULTZ, J., who takes no part.