COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

**Willard M. FREED, Respondent.**

No. 83–1110.

Supreme Court of Iowa.

Dec. 21, 1983.

Hedo M. Zacherle, Frank A. Comito and George H. Capps, Des Moines, for complainant.

Willard M. Freed, Iowa City, pro se.

---

REYNOLDSON, Chief Justice.

The Committee on Professional Ethics and Conduct of The Iowa State Bar Association (complainant) brought this proceeding before the grievance commission, charging respondent Willard M. Freed with violating Iowa Code section 610.24 and several disciplinary rules of the Iowa Code of Professional Responsibility for Lawyers. We suspend respondent's right to practice law indefinitely, with no right to apply for reinstatement for a period of six months.

There is no controversy about the facts. Respondent agreed to represent Allen L. Donovan on appeal from an adverse judgment in a paternity action. He accepted a $150 retainer and filed notice of appeal. Thereafter respondent did nothing, despite a default notice from our clerk of court. Eventually the appeal was dismissed for lack of prosecution. After Donovan complained to the ethics committee, respondent settled with him for $10,000.

April 25, 1983, respondent was served with the complaint that launched this proceeding. The complaint alleged violation of the following statute and disciplinary rules: Iowa Code section 610.24 (license can be revoked or suspended for "willful violation of any of the duties of an attorney"); DR 1–102(A)(1), (4), (5) and (6) (misconduct, generally); DR· 6–101(A)(3) ("A lawyer shall not neglect a legal matter entrusted to him."); DR 7–101(A)(2), (3) ("A lawyer shall not intentionally ... fail to carry out a contract of employment entered into with a client for professional services ... [or] prejudice or damage his client during the course of the professional relationship ....").

Respondent did not answer the complaint. By not responding to the ethics committee's request for admissions, he admitted the facts set out above, and further admitted that "in a knowing and willing manner" he failed to pursue the appeal.

At the hearing before the grievance commission respondent admitted the allegations of the complaint:

Well, I really don't have too much to say. ... [I]t is pretty well true. ... I did not follow through with the prosecution of the appeal, and it was dismissed, and there's no question about it. ... I did not follow through. I just don't really have any explanation for it other than just, period, I didn't.

The hearing also developed that respondent's license had been suspended commencing July 14, 1982, for failure to comply with Iowa's continuing legal education requirement. He testified he had retired in 1982, had not practiced law since July of that year, did not intend to practice again, and would not apply for readmission.

I. We review de novo the record made before the commission; we are not bound by its findings or recommendations but give respectful consideration to them. *Committee on Professional Ethics and Conduct v. Rogers,* 313 N.W.2d 535, 535 (Iowa 1981); *Committee on Professional*

*Ethics and Conduct v. Rabe,* 284 N.W.2d 234, 235 (Iowa 1979).

■■■ The burden of proof is on complainant to establish the charge by a convincing preponderance of the evidence. *Rabe,* 284 N.W.2d at 235. A convincing preponderance is a greater quantum of evidence than that required in a civil trial, but a lesser quantum than that required to sustain a criminal conviction. *Committee on Professional Ethics and Conduct v. Bitter,* 279 N.W.2d 521, 522 (Iowa 1979).

■■ II. The complainant clearly has met its evidentiary burden in this proceeding. Matters in a request for admissions may be relied upon if not denied or otherwise objected to, *Committee on Professional Ethics and Conduct v. Roberts,* 246 N.W.2d 259, 261 (Iowa 1976). *See* Iowa R.Civ.P. 127 ("The matter is admitted unless ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter ...."); Iowa R.Civ.P. 128 ("Any matter admitted under this rule is conclusively established in the pending action ....").

The issues resolved by the requests for admissions, together with respondent's oral admissions to the commission, trigger our duty to

> select appropriate discipline by considering "the respondent's fitness to continue in the practice of law, deterrence of others from similar conduct, and assurance to the public that the courts will maintain the ethics of the profession."

*Rabe,* 284 N.W.2d at 235 (quoting *Roberts,* 246 N.W.2d at 262). *See also Committee on Professional Ethics and Conduct v. Gross,* 326 N.W.2d 272, 273 (Iowa 1982); *Rogers,* 313 N.W.2d at 537.

We view respondent's retreat from the obligation he assumed as a serious matter, to be equated with the conduct of a surgeon who, without transferring responsibility, drops his scalpel and abandons his patient in the course of an operation. Respondent's expressed intent to retire permanently provides some reassurance other potential clients will not suffer a similar fate. In the absence of disciplinary action, however, this does nothing to dissuade others from similar conduct, nor does it enhance the confidence of lay persons that they can entrust lawyers with grave problems in their lives.

Other jurisdictions share our view that failure to attend to a client's case is a serious ethical violation. *See Doyle v. State Bar,* 15 Cal.3d 973, 978, 544 P.2d 937, 939, 126 Cal.Rptr. 801, 803 (1976) ("Failure to communicate with and inattention to the needs of a client, standing alone, may constitute proper grounds for discipline. Similarly, discipline has been imposed for accepting compensation for legal services but failing to render such services.") (Citations omitted.); *In re Williams,* 249 Minn. 600, 601, 83 N.W.2d 115, 116 (1957) ("Acceptance of retainer fees and failure to perform the service agreed upon is sufficient misconduct to disqualify an accused attorney from the practice of law."); *In re Gardner,* 39 A.D.2d 84, 85, 332 N.Y.S.2d 113, 114 (1972) ("[N]eglect of a client's interests is a most serious dereliction."); *Matter of Jaynes,* 278 N.W.2d 429, 434 (N.D.1979) ("Neglecting a client's case after accepting it is a very serious violation of the Code of Professional Responsibility."); Annot., 96 A.L.R.2d 823, 833 (1964).

■■■ Nor do we believe respondent's damage payment to his client, offered after the latter's complaint, constitutes a mitigating circumstance that should avert sanctions. *See State ex rel. Nebraska State Bar Association v. Bremers,* 200 Neb. 481, 484, 264 N.W.2d 194, 197 (1978); *In re Cohen,* 47 A.D.2d 357, 358, 367 N.Y.S.2d 14, 15, interim stay vacated, 37 N.Y.2d 798, 337 N.E.2d 613, 375 N.Y.S.2d 108 (1975); *Ferris v. Oneida County Bar Association,* 31 A.D.2d 283, 284, 297 N.Y.S.2d 280, 282 (1969); *State ex rel. Oklahoma Bar Association v. Hatcher,* 452 P.2d 150, 154

(Okla.1969); Annot., 95 A.L.R.3d 724, 727–28 (1979).

We agree with the grievance commission's conclusion that the conduct of the respondent violated DR 1–102(A)(1), (4), (5) and (6); EC 2–33; EC 6–4; DR 6–101(A)(3); DR 7–101(A)(2) and (3); and EC 9–6 of the Iowa Code of Professional Responsibility for Lawyers, and Iowa Code section 610.24. We agree with the two-member minority of the five-member commission that respondent's license should be suspended for at least six months.

We hold respondent's license to practice law shall be suspended indefinitely with no possibility of reinstatement for six months. This suspension shall apply to all facets of the practice of law. Iowa Sup.Ct.R. 118.12. Respondent's application for reinstatement, if any, shall conform to Iowa Supreme Court Rule 118.13.

LICENSE SUSPENDED.

All Justices concur except HARRIS, McCORMICK, and SCHULTZ, JJ., who take no part.