Matter of Schneider (2022 NY Slip Op 00012)





Matter of Schneider


2022 NY Slip Op 00012


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Barbara R. Kapnick
Ellen Gesmer
Saliann Scarpulla
John R. Higgitt, JJ.


Motion No. 2021-03585 Case No. 2021-02356 

[*1]In the Matter of Edward A. Schneider (Admitted as Edward Alan Schneider), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Edward A. Schneider (OCA Atty. Registration No. 2521946), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 5, 1993.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Orlando Reyes, Esq., of counsel), for petitioner.
Randall T. Tesser, Esq., for respondent.



Per Curiam 


Respondent Edward A. Schneider was admitted to the practice of law in the State of New York by the Second Judicial Department on May 5, 1993, under the name Edward Alan Schneider. At all times relevant to this proceeding, respondent maintained a law office within the First Judicial Department.
In June 2021, the Attorney Grievance Committee (AGC) served respondent with a
notice and petition of charges alleging professional misconduct in connection with his handling of a client's two civil actions. The parties now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for discipline by consent and ask this Court to suspend respondent for a period of three months. The motion is supported, inter alia, by respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent (22 NYCRR 1240.8[a][5][i] and [iii]).
The relevant facts stipulated to are as follows. In or about February 2014, an incarcerated individual (Client) retained respondent to represent him in connection with claims of medical malpractice and false imprisonment. On or about February 3, 2015, respondent commenced an action in Supreme Court, Nassau County on the Client's behalf alleging medical malpractice against several defendants, including the Nassau County Correctional Center. On or about May 18, 2015, respondent commenced a second action on the Client's behalf in Supreme Court, Nassau County alleging false imprisonment against Nassau County, the Nassau County Police Department, and the Nassau County District Attorney's Office.
Respondent concluded that both cases were unlikely to be meritorious. He recalls communicating his intent to discontinue them to the Client, which the Client denies. However, respondent did not discontinue the actions, did nothing to advance his Client's claims, did not respond to his Client's inquiries about the two actions, and did not deliver to him any papers relating to the actions before on or about November 3, 2020.
On or about November 4, 2015, respondent signed a "Stipulation of Discontinuance with Prejudice" pertaining to every defendant in the medical malpractice action without the Client's written authorization. Although respondent claimed that the Client orally authorized him to discontinue the action, the Client denies that and, in any event, he did not obtain a written authorization. He also did not take the proper steps to effectuate the discontinuance, with the result that the court continued to designate the medical malpractice action as "active."
Respondent did not take any steps to advance the false imprisonment action, but never formally moved to withdraw from the matter, even though 22 NYCRR 700.4(f)(3) requires that an attorney seeking to [*2]withdraw from an action in Supreme Court, Nassau County must have permission of the court to do so. In or about May 2019, the court marked the action "disposed."
By letter dated June 4, 2019, the AGC issued respondent an Admonition for neglecting the Client's two actions in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0). The Admonition stated that the AGC "expect[ed]" that respondent would either resume representing the Client in his lawsuits or "withdraw promptly" and formally from them. Respondent did not resume representing the Client in the actions and he did not apply to withdraw from the medical malpractice action until more than 17 months later, on or about November 19, 2020, when he filed a "Withdrawal of Attorney," which was signed by him and by the Client.
Respondent admits that his actions violated New York's Rules of Professional Conduct as cited in the petition of charges: neglect of a legal matter (rule 1.3[b]); termination of representation without taking steps to avoid foreseeable prejudice to his client (rule 1.16[e]); withdrawing from employment in a matter before a tribunal without permission (rule 1.16[d]); failing to promptly comply with a client's reasonable requests for information (rule 1.4[a][4]); failure to comply with the AGC's June 4, 2019 Admonition and thus engaging in conduct prejudicial to the administration of justice (rule 8.4[d]); and engaging in conduct that adversely reflects on his fitness as a lawyer (rule 8.4[h]).
The parties have stipulated to aggravating factors, including that, in addition to the Admonition issued in connection with the Client's matters, the AGC has issued respondent Admonitions for neglecting other legal matters in January 2011 and November 2020; the Client was particularly vulnerable to the misconduct at issue, since he was incarcerated during most of respondent's representation of him; and respondent had substantial experience in the practice of law when the instant misconduct occurred.
The parties have also stipulated to mitigating factors, including that respondent has acknowledged the wrongfulness of his conduct and expressed remorse; respondent was undergoing several personal difficulties at the time, including the sudden and unexpected loss of his wife; undergoing cancer treatment and suffering from other medical issues; respondent has since implemented safeguards in his solo practice to ensure that the misconduct at issue will not reoccur; and respondent, who is 76, is winding down his law practice with only three active cases at this time.
The Court agrees with the parties, that, in light of respondent's admitted misconduct, the aggravating and mitigating factors presented, and the relevant case law, a three-month suspension is the appropriate sanction under the circumstances (see Matter of Alford, 166 AD3d 80 [1st Dept 2018]; Matter of Peralta-Millan, 141 AD3d 87 [1st Dept 2016]; Matter of Sorote, 110 AD3d 259 [1st Dept 2013]; Matter of [*3]Militello, 76 AD3d 364 [1st Dept 2010]).
Accordingly, the motion for discipline by consent should be granted, and respondent is suspended from the practice of law in the State of New York for a period of three months, and until further order of this Court. The petition of charges should be denied as moot.
All concur.
It is ordered that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8 (a) (5) is granted and respondent Edward A. Schneider, admitted as Edward Alan Schneider, is suspended from the practice of law in the State of New York for a period of three months, commencing February 4, 2022, and until further order of this Court, and
It is further ordered that the petition of charges is denied as moot, and
It is further ordered that during his period of suspension, and until further order of this Court, respondent Edward A. Schneider, admitted as Edward Alan Schneider, is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-law before any court, judge, justice, board, commission or other public authority; and that respondent is forbidden to give to another an opinion as to the law or its application or any advice in relation thereto. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15) which are made part hereof, and
It is further ordered that if the respondent Edward A. Schneider, admitted as Edward Alan Schneider, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Order filed. January 4, 2022