Matter of Adam (2024 NY Slip Op 04345)

Matter of Adam

2024 NY Slip Op 04345

Decided on August 29, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 29, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Cynthia S. Kern
Justice Presiding
Jeffrey K. Oing Lizbeth González Martin Shulman John R. Higgitt
Justices.

Motion No. 2024-02489 Case No. 2021-01205 

[*1]In the Matter of Richard Adam, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Richard Adam (OCA ATTY. REG. NO. 2983252), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Richard Adam, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on July 28, 1999.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Kevin P. Culley, of counsel), for petitioner.
Thomas Foley, Esq., for respondent.

PER CURIAM 

Respondent Richard Adam was admitted to the practice of law in the State of New York by the Second Judicial Department on July 28, 1999. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.
On April 8, 2021, the Attorney Grievance Committee (the Committee) filed a petition of nine charges in which the Committee alleged that respondent neglected two clients' matters; failed to keep his clients reasonably informed about the status of their cases; failed to promptly comply with the clients' reasonable requests for information; engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; and failed to fully comply with the Committee's lawful requests for additional information and documents (see Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.3[b]; 1.4[a][3], [4]; 8.4[c], [d]).
The Committee and respondent jointly moved under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for an order imposing discipline by consent. In support of the motion, the parties submitted a joint affirmation containing a stipulation of facts and an affidavit from respondent in which he conditionally admitted that he violated the above-mentioned rules. The parties requested that respondent be publicly censured.
By unpublished order, this Court denied the motion and directed the parties to proceed with the petition of charges. Respondent answered the petition, denying all charges and requesting permission to present evidence in mitigation. Accordingly, by unpublished order, this Court referred the matter to a referee. Thereafter, respondent admitted to two of the charges. With respect to the remaining charges, he admitted the underlying factual allegations but denied the conclusions of law therein.
At the hearing, the Referee received the Committee's documentary evidence, and heard from respondent and two witnesses to respondent's character.
With respect to the conduct underlying the charges, Client 1's action was scheduled for trial in February 2012. Between February 2012 and October 4, 2013, the trial was adjourned four times, mostly at respondent's request. On October 4, 2013, the parties stipulated that no further adjournments would be consented to or requested, and that jury selection would commence on March 19, 2014. The minutes of the proceedings on March 19, 2014 showed that respondent asked for an adjournment[*2], purportedly because he was called for jury duty and did not have time to prepare for trial. The judge denied respondent's application, struck the note of issue, marked the case off calendar and informed respondent that he would be required to file an affidavit of merit within one year to restore the case to the trial calendar. Respondent took no steps to restore Client 1'scase. By order dated December 15, 2015, the court dismissed the matter with prejudice and entered judgment thereafter.
Respondent last spoke with Client 1 in April 2015, when he falsely informed her that he was preparing her case for trial scheduled for May 2015, and that he was looking for a doctor to provide expert medical testimony concerning her injuries. Thereafter, Client 1 made multiple attempts to inquire about the status of her case by phone and email, but respondent did not reply to her communications. Client 1 was not aware that her case had been dismissed until she was informed of the fact by the Committee.
Respondent commenced an action on Client 2's behalf in 2012, and took no further action after effectuating service on the defendant. Respondent did not inform Client 2 that he had commenced the action or that the defendant had defaulted. Throughout 2014, Client 2 left several telephonic messages with respondent and sent respondent a certified letter seeking an update on her case, but respondent did not respond. When, in October 2014, Client 2 inquired about her case via certified letter, return receipt requested, respondent replied that there was no new information or change in the status of her case, and that he would inform her when there was. When Client 2 reached respondent by telephone in November 2015, respondent falsely advised her that he was preparing for depositions on her case. Respondent did not respond to Client 2's several subsequent attempts to communicate with him by phone and certified mail, even after Client 2 filed a complaint with the Committee.
Respondent initially failed to respond to the Committee's multiple requests to answer the clients' complaints against him. Thereafter, respondent requested an extension to submit the answers in both matters and indicated that he suffered from a medical condition that caused him to take a "semi hiatus" from his law practice.
The Committee requested that respondent produce his complete client files for the twomatters and provide information regarding when he was diagnosed with his medical condition, when he began his semi hiatus, what arrangements he made, if any, to handle his cases since he went on semi hiatus, and the current status of his law practice. Respondent submitted pre-2014 portions of Client 1'sfile and portions of Client 2's file, but failed to submit medical records, medical diagnosis or the identity of doctor(s) who treated him for an illness or condition which allegedly prevented him from timely responding to the Committee's demands, except that he submitted 2019 records of treatment [*3]for a nasopharyngeal condition.
Respondent's answers to the complaints denied the allegations of neglect and asserted that both clients were kept fully informed regarding the status of their cases. Regarding Client 1, respondent misrepresented to the Committee that he had requested a trial adjournment on March 19, 2014, because Client 1 had surgery, that the case was marked off, that Client 1 was now ready to proceed with her case, and that he could and would have her case restored.
Other than respondent's misrepresentations described above and his initially slow cooperation with the Committee, the proof demonstrated no factors in aggravation.
As to factors in mitigation, respondent had no prior disciplinary history. He expressed sincere remorse and acknowledged and took responsibility for the mistakes that he made in his representation of the clients. Further, his actions did not appear to have emanated from a venal or selfish motive. His character witnesses, both attorneys who had known respondent personally and professionally for decades, testified to his honesty, trustworthiness, integrity and diligence, and that this reputation was shared within the legal community.
Significantly, during his representation of the clients and the Committee's investigations, respondent experienced great personal loss and hardship. From 2013 to 2020, respondent was devastated by the deaths of, and was grieving the loss of, seven close family members. In 2018, respondent started experiencing a medical condition that caused hearing loss, tinnitus and discomfort radiating to his neck. Further, longstanding marital issues between respondent and his wife resulted in divorce proceedings.
The Referee acknowledged that respondent was an overwhelmed solo practitioner who, in addition to the family losses mentioned above, was the primary caregiver to his father, who suffered from dementia and who, at one point, was missing for several days. The Referee found that while respondent was initially reticent in responding to the Committee's investigative requests, his cooperation improved upon the retention of counsel. Further, respondent had taken substantial and constructive steps to reduce and better manage his caseload.
The Committee requested a sanction of suspension for six months in light of relevant precedent, the seriousness of respondent's conduct, and the various mitigating circumstances. Respondent requested a sanction of public censure. The Referee sustained all nine charges asserted against respondent and recommended that respondent be publicly censured.
The Committee now seeks an order, pursuant to 22 NYCRR 1240.8(b) and 603.8-a(t), confirming the Referee's report as to liability. The Committee suggests that we depart from the Referee's sanction recommendation and suspend respondent for six months, but ultimately defers to this Court as to the appropriate sanction in light of the parties' disagreement. Respondent opposes the Committee's motion as to the sanction [*4]and urges the imposition of censure.
While we generally accord significant weight to a referee's sanction determination, we will depart where appropriate (see Matter of Cherkasky, 183 AD3d 42, 46 [1st Dept 2020]). Here, while respondent is not undeserving of sympathy, a public censure does not adequately capture the gravity of respondent's conduct (see Matter of Cook, 119 AD3d 33, 35 [1st Dept 2014]). The Referee discounted the harm to the clients, finding no grave injustice. But respondent's conduct deprived them of any possibility of recovery from the tortfeasors for their injuries, whether by judgment, settlement, or otherwise. Respondent's conduct also persisted for several years, and was not limited to a single, isolated incident. In addition to neglecting the clients' matters, respondent also made affirmative misrepresentations to them, and to the Committee. Thus, "[w]hile undergoing stress and strain as described herein, respondent did a disservice to his profession and to himself by the mere acceptance of retainers at a time when he was in no position to act in accordance with the trust that the lay public has a right to place unquestioningly in lawyers" (Matter of Gardner, 39 AD2d 84, 85 [1st Dept 1972], lv denied 31 NY2d 644 [1972]).
While we have suspended attorneys for six months for conduct involving neglect coupled with misrepresentation (see e.g. Matter of Alpert, 206 AD3d 63 [1st Dept 2022]; Matter of Mui, 198 AD3d 91 [1st Dept 2021]), absent from those cases were the considerable mitigating factors present here. We recognize that, in addition to respondent's remorse and his efforts to remediate the controllable factors leading to the Committee's charges, the events underlying the charges occurred during, and were affected by, the confluence of a number of unfortunate personal circumstances, and respondent heretofore had enjoyed an unblemished record in his nearly 25 years of practice. We therefore find that a suspension for a period of three months is the appropriate sanction in light of respondent's conduct and the absence of any aggravating factors (see Matter of Schneider, 203 AD3d 34 [1st Dept 2022]; Matter of Alford, 166 AD3d 80 [1st Dept 2018]; Matter of McHallam, 160 AD3d 89 [1st Dept 2018]).
Accordingly, the Committee's motion should be granted to the extent of confirming the Referee's findings of fact and conclusions of law, the sanction recommendation is disaffirmed, and respondent is suspended from the practice of law in the State of New York for a period of three months, effective September 30, 2024, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion of the Attorney Grievance Committee is granted to the extent of confirming the Referee's findings of fact and conclusions of law, the sanction recommendation is disaffirmed, and respondent Richard Adam is suspended from the practice of law in the State of New York, for a period of three months, effective September 30, 2024, and [*5]until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension respondent Richard Adam is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension respondent Adam Richard shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Richard Adam has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: August 29, 2024