Matter of Schneider (2025 NY Slip Op 01047)

Matter of Schneider

2025 NY Slip Op 01047

Decided on February 20, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Anil C. Singh
Justice Presiding
Tanya R. Kennedy Saliann Scarpulla Martin Shulman Marsha D. Michael
Justices.

Motion No. 2024-06074|Case No. 2024-07497|

[*1]In the Matter of Edward Alan Schneider an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Edward Alan Schneider (OCA Atty Reg. 2521946), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Edward Alan Schneider, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 5, 1993.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Orlando Reyes, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Edward Alan Schneider, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 5, 1993.
Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Orlando Reyes, of counsel), for petitioner.
Respondent, pro se.
Motion No. 2024-06074 — January 27, 2025
In the Matter of Edward Alan Schneider, an attorney
Per Curiam
Respondent Edward Alan Schneider was admitted to the practice of law in the State of New York by the Second Judicial Department on May 5, 1993. At all relevant times, he maintained an office for the practice of law within the First Judicial Department.
In September 2023, the Attorney Grievance Committee (AGC) received a complaint against respondent from one of his clients, complaining that respondent "closed [his] case with prejudice without [his] consent." Prior to this incident, respondent was suspended from the practice of law for three months for, among other things, attempting to discontinue another client's action with prejudice and without consent (Matter of Schneider, 203 AD3d 34 [1st Dept 2022]).
By letter dated February 2, 2024, respondent answered the complaint and stated that he never agreed to commence a civil action on the complainant's behalf. Respondent further stated that, after reviewing documents pertaining to two potential civil actions, he declined to represent the client and returned his documents.
The client responded to respondent's answer. The response included a written fee agreement signed by himself and respondent, a summons with notice for a civil action that respondent commenced in August 2015, and documents verifying that respondent withdrew the civil action with prejudice on January 2, 2019.
After being asked to address the discrepancies between his answer and the client's documentation, respondent submitted a letter dated April 8, 2024, stating that he did not recall the case well and had been diagnosed with dementia. In addition, respondent indicated that he was retired.
By motion dated December 10, 2024, the AGC seeks an order immediately suspending respondent from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.14(b). Respondent has not opposed the motion.
The record contains a statement from respondent's treating physician confirming respondent's condition and diagnosis. Respondent's physician attested to his cognitive decline in attention and concentration and concluded that he was unable to practice law.
As the AGC has presented sufficient medical evidence of respondent's incapacity to practice law, immediate suspension is warranted pursuant to 22 NYCRR 1240.14(b) and this Court's precedent (see Matter of Roussin, 208 AD3d 174 [1st Dept 2022]; Matter of Cantrell, 176 AD3d 38 [1st Dept 2019]).
Accordingly, the [*2]AGC's motion should be granted, and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.14(b), effective immediately, and any disciplinary investigation or proceedings against respondent are stayed until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.14(b), is granted, and respondent, Edward Alan Schneider, is suspended from the practice of law in the State of New York effective immediately, and any disciplinary investigation or proceedings against respondent are stayed until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Edward Alan Schneider, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Edward Alan Schneider, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Edward Alan Schneider, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: February 20, 2025